*202 MEMORANDUM BT THE COUJRT
Plaintiff is here suing to recover certain items as to which its predecessor, the receiver, by reason of the matters set out in Finding YIII, became, before “ final ” settlement was entered into, entitled to be reimbursed by the Director General of Kailroads. It is conceded that the settlement between the parties disposed of the items in suit, unless they were excepted from its operation by either one or both of the following paragraphs:
“ 3. This settlement does not include or affect any money or assets of the director general turned over to the railroad company or the receiver pursuant to General Order No. 68, the account created by this order to be adjusted as though this agreement had not been made.
“ 4. This settlement does not include the obligations of the director general assumed in paragraphs (i) and (j) of section 4 of said standard contract, to save the railroad company and the receiver harmless as to claims, if any, of third persons, * *
The parties hereto have stipulated, and it is so found by the court, that the items involved were, prior to settlement,, due the receiver from the director general. It is plain that “money or assets of the director general turned over to the-railroad company or the receiver pursuant to General Order No. 68 ” did not belong to the receiver before the settlement was made and were not thereafter the receiver’s or the railroad company’s, unless the settlement gave them to the receiver or the railroad company, and we find that it did not. So that if the plaintiff is entitled to recover, it is under exception No. 4 and not under exception No. 3.
Exception No. 4 relates and is limited to the claims of third persons. The material portion of paragraph (i). of section 4 of the standard contract referred to in the exception is as follows:
“(i) The director general shall pay, or save the company harmless from, all expenses incident to or growing out of the possession, operation, and use of the property taken under Federal control, except the expenses which under this agreement are to be borne by the company.”
*203 And the material portion of paragraph (j) of said section is as follows:
“(j) Except as otherwise provided in this agreement, the director general shall save the company harmless from any and all liability, loss, or expense resulting from or incident to any claim made against the company growing out of anything done or omitted during Federal control in connection with, or incident to, operation or existing contracts relating to operation, * *
The amount paid to the receiver by the director general pursuant to the settlement was a “ lump ” sum, $3,000,000, the receiver not being apprised as to separate items, here material, that were allowed. The items in dispute were not to be borne by the receiver, were due him and were conceded to have been paid to him in the lump sum, unless included in the exceptions.
The first item is an amount of $73,746.91, which the receiver paid from his own funds to other carriers who, subsequent to Federal control, had completed service originating on the receiver’s line during Federal control and who by reason thereof were thereto entitled. This was an obligation of the director general payable to third persons, should have been borne by him, and by exception No. 4 the director general agreed to save the receiver harmless therefrom.
The second item, $9,133.23, does not represent the claims of third persons, but was merely an amount due the receiver from the director general, improperly accounted for, and inadvisedly deposited by the receiver in bank as funds of the trustee for the director general. This item is not within the exceptions and must be presumed to have been disposed of in the final settlement.
The third item is an amount of $19,979.04, a balance in the receiver’s favor in the account styled “Federal agents’ and conductors’ balances — February 29,1920.” This account obviously reflects the carriers’ transactions with the public and must be held to come within the excepted items of the settlement.
The findings show that the receiver reimbursed himself to the extent of $33,297.62 in Federal accounts or from' Fed *204 eral funds, and the amount otherwise recoverable is to be diminished accordingly.
Plaintiff is entitled to recover as follows:
Finding VIII, (1) (a)_$73,746.97
Finding VIII (2)_ 19, 979.04
93, 726.01
Less (Finding VII, (b))- 33,297.62
Recovery_ 60,428.39
It is so ordered.